RECEIVED
IN LAKE CHARLES, LA.

JUN - 6 2013

TONY R. MOORE, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **CHARLOTTE THOMAS** | : | **DOCKET NO. 3:11-1434** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **FRANKLIN PARISH HOSPITAL SERVICE DISTRICT NO. 1, AKA FRANKLIN MEDICAL CENTER AKA FRANKLIN PARISH HOSPITAL** | : | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #19) filed by defendant Franklin Parish Hospital Service District No. 1 d/b/a Franklin Medical Center ("Franklin Medical Center") who moves to dismiss the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure because there are no genuine issues of material fact for trial and mover is entitled to judgment as a matter of law.

## FACTUAL STATEMENT

Plaintiff, Charlotte Thomas worked for Franklin Medical Center ("FMC") for many years as an x-ray technician. She is over the age of 65. On February 11, 2011, Ms. Thomas' work status was changed from full time to an "as needed status." After her work status was changed, FMC hired x-ray technicians who are younger than Ms. Thomas. Ms. Thomas has filed the instant lawsuit alleging that FMC's actions constitute unlawful age discrimination in violation of the Age Discrimination in Employment Act of 1967.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

---

[1]  Fed. R.Civ. P. 56(c).

[2]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3]  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5]  Anderson, 477 U.S. at 249.

[6]  Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[7]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8]  Anderson, 477 U.S. at 249-50.

2

## LAW AND ANALYSIS

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from firing an employee "because of such individual's age."[9] To establish an ADEA claim, plaintiff must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision."[10] Under McDonnell Douglas Corp. v. Green,[11] a plaintiff must first establish a prima facie case that:

(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age.[12]

Applying the framework from McDonnell Douglas, "[a] plaintiff relying on circumstantial evidence must put forth a prima facie case, at which point the burden shifts to the employer to provided a legitimate, non-discriminatory reason for the employment decision."[13] If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the plaintiff must then be afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual.[14]

In determining whether the plaintiff's rebuttal precludes summary judgment, "[t]he question

---

[9] 29 U.S.C. § 623(a)(1).

[10] Gross v. FBL Fin.Servs., Inc., 557 U.S. 167, 177-78, 129 S.Ct. 2343 (2009).

[11] 411 U.S. 792, 802, 93 S.Ct. 1817 (1973).

[12] Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378-79 (5th Cir. 2010).

[13] Berquist v. Washington Mut.Bank, 500 U.S. 344, 349 (5th Cir. 2007).

[14] Jackson , 602 F.3d at 378-79.

3

is whether [the plaintiff] has shown that there is a genuine issue of material fact as to whether this reason was pretextual."[15] A plaintiff may show pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'[16]

FMC concedes that plaintiff was qualified for her position and within the protected class when the adverse job action (being bumped from full time to an as needed status) was taken. However, FMC maintains that plaintiff was not replaced by anyone.  FMC admits that it hired other employees as radiology technicians, but they were hired at the same status of Ms. Thomas and were paid a rate less than plaintiff was being paid.[17] Therefore, none of these newly hired employees replaced Ms. Thomas.[18]

Plaintiff remarks that as of January 1, 2010 until July 1, 2010, there were four full time employees in the radiology department; a fifth was added on January 1, 2011 and a sixth was hired by January 1, 2013.[19]  Plaintiff was listed as a full time employee through January 1, 2011 but was changed to an as needed status in February 2011.[20]  All of the new full time employees were thirty years of age or less.[21]

---

[15] Id.

[16] Id.

[17] FMC notes that one employee was paid $3.00 more per hour, however, that employee was hired as a specialized employee, an ultrasonographer, because of her special training.

[18] The other new employees were hired after January 1, 2010 and were also hired on as an as needed status.

[19] Plaintiff's exhibt 1, Heather Carroll depo. pp. 16-19.

[20] Id.

[21] Id.

(Kevin Wiater) after Ms. Thomas' full time status was changed..[22] This is not disputed. Mr. Wiater, who is a certified nuclear medicine technician, was hired in November 2012 to provide nuclear medicine services for FMC which had been previously provided by an independent contractor. Ms. Thomas did not have the certifications and/or qualifications that Mr. Wiater possessed. Consequently, FMC maintains that Mr. Wiater's qualifications and performance abilities were different than that of Ms. Thomas'. Ms. Amber Cummins who was hired shortly before Ms. Thomas' status was changed was hired specifically to replace the previous head of the radiology department. Therefore, it cannot be said that she was hired to replace Ms. Thomas.

The court agrees with FMC that plaintiff has failed to establish a *prima facie* case of age discrimination. Specifically, plaintiff has failed to show that she was replaced by someone outside her protected class. Plaintiff has failed to satisfy the fourth prong under McDonnell Douglas, i.e., that she was replaced by someone outside the protected class, by someone younger, or otherwise discharged because of her age. The only person hired, Mr. Wiater, performed a substantially different job function and therefore cannot be considered a replacement.

## CONCLUSION

Based on the foregoing and for the reasons set forth herein, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against FMC.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of June, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[22] Defendant's exhibit A-2, Carroll Deposition.

5